# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRONTLINE PLACEMENT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRENDWORX, INC, MARETTA SHAW, AND JOHN DOES 1-3, <br><br> Defendants. | Civil Action No.: Not Yet Assigned <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Frontline Placement Technologies, Inc. ("Frontline"), by its attorneys, for its Complaint against TrendWorx, Inc. ("TrendWorx"), Maretta Shaw ("Shaw"), and John Doe defendants 1-3 (collectively, "Defendants") alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the Patent Laws of the United States including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338(a) and 1331.

3. This Court has personal jurisdiction over Defendants pursuant to Pennsylvania's long arm statute, 42 Pa. C.S.A. §§ 5301 et seq. Upon information and belief, Defendants, acting alone or in concert with third parties, are engaged in substantial and not

isolated activities within the Commonwealth of Pennsylvania, in part within this district, including knowingly and intentionally offering to sell services to third parties for use in Pennsylvania. Defendants, acting alone or in concert with third parties, are making, using, selling, offering for sale, and/or endorsing infringing systems and methods in the Commonwealth of Pennsylvania. Defendants, acting alone or in concert with third parties, have intentionally caused, and continue to cause, injury in Pennsylvania.

4. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PARTIES

5. Frontline is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 5 Great Valley Parkway, Suite 150, Malvern, Pennsylvania 19355.

6. Frontline is in the business of providing services and technologies that facilitate locating substitute workers to fill scheduled worker absences.

7. Upon information and belief, TrendWorx is a corporation organized under the laws of the State of Illinois, having a place of business at 177 Brook Road, Worden, IL 62097.

8. Upon information and belief, Maretta Shaw is an individual residing at 177 Brook Road, Worden, Illinois 62097. Upon information and belief, Maretta Shaw is a principal in TrendWorx.

9. John Does 1-3 are currently unknown to Plaintiff. Upon information and belief, John Does 1-3 may have assisted and/or conspired with the remaining defendants, or otherwise participated in the same unlawful conduct and activities as alleged herein.

10. Upon information and belief, TrendWorx, Maretta Shaw, and/or John Does 1-3, operate a Web site located at the World Wide Web address www.esubstitute.net that competes with Frontline in the market for providing substitute worker location services.

**FACTUAL BACKGROUND**

11. In 1998, Frontline developed a system, referred to as Aesop, that facilitates automated posting of worker absences and scheduling of substitute workers to fill those absences. Users access the Aesop system via the Internet using a Web interface or via a telephone interactive voice response (IVR) system. Customers access Aesop to post worker absences for which substitutes are needed. Substitute workers access Aesop to search for posted worker absences and to commit to filling vacancies.

12. Since creating Aesop, Frontline has been the fastest-growing automated substitute placement system in the education market, currently serving over 750 school districts in over 45 states. Aesop has been embraced internationally as well and is used by customers in Canada, Australia, and the United Kingdom.

13. Upon information and belief, Defendants acting alone or in concert with third parties, have developed and operated systems and services, including those accessible on the World Wide Web at www.esubstitute.net, that compete against Frontline and Frontline's Aesop system. Defendants' systems and services include features and functions that were originally developed by Frontline and first appeared in Frontline's Aesop system.

## *FRONTLINE'S 151 PATENT*

14. On January 6, 2004, U.S. Patent No. 6,675,151 (the "151 patent"), titled "System and Method for Performing Substitute Fulfillment Information Compilation and Notification," was duly and legally issued by the United States Patent and Trademark Office ("PTO") in the names of Roland R. Thompson and Michael S. Blackstone. A true and correct copy of the 151 patent is attached as Exhibit A.

15. Frontline is the assignee and owner of all rights, title, and interest in and to the 151 patent, including the right to assert all causes of action arising under the 151 patent and the right to any remedies for infringement of the 151 patent.

16. Defendants, by their making, using, selling, and offering to sell systems and services, including those accessible via the World Wide Web at www.esubstitute.net, infringed the 151 patent.

## COUNT FOR PATENT INFRINGEMENT

17. Frontline incorporates herein the allegations set forth in paragraphs 1-16 above.

18. This is a cause of action for infringement of the 151 patent and arises under the Patent Laws of the United States, 35 U.S.C. § 271.

19. Upon information and belief, Defendants have made, used, sold, endorsed, and/or offered to sell systems and/or methods, including services, that infringe one or more claims of the 151 patent.

20. Upon information and belief, Defendants have infringed, contributed to infringement, and/or induced infringement of the 151 patent, and continue to do so, by

making, using, distributing, endorsing, selling, and/or offering for sale systems and/or methods, including services, that are covered by the 151 patent.

21. Defendants' infringement, alone or in concert with third parties, has been and continues to be willful, intentional, and in conscious disregard of Frontline's rights.

22. Defendants' conduct, alone or in concert with third parties, has caused and will continue to cause, Frontline irreparable harm to its business, reputation and goodwill, and such conduct will continue unless enjoined by this Court.

23. Defendants, by acts of infringement, alone or in concert with third parties, have damaged Frontline and unlawfully derived profits and gains, which Frontline would otherwise have received and to which Frontline is entitled.

## JURY TRIAL DEMAND

24. Frontline hereby demands trial by jury.

WHEREFORE, Frontline respectfully requests:

A. Entry of final judgment that Defendants have infringed the 151 patent;

B. Entry of an order preliminarily and permanently enjoining Defendants, and those in active concert with them, from further acts of infringement of the 151 patent;

C. An award of damages adequate to compensate Frontline for all acts of infringement of the 151 patent, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

D. Entry of an order finding that Defendants' infringement of the 151 patent has been willful and trebling the damages awarded to Frontline as provided by 35 U.S.C. § 284;

E. A declaration that this is an exceptional case and for an award to Frontline of its attorneys' fees incurred in prosecuting this action, as provided by 35 U.S.C. § 285; and

F. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

WOODCOCK WASHBURN LLP

Dated: July 10, 2007          By: _____
John P. Donohue, Jr. (Atty. ID # 25703)
John E. McGlynn (Atty. ID # 79661)
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, PA 19103
(215) 568-3100

Attorneys for Frontline Placement Technologies, Inc.

# APPENDIX A